# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RUFUS CHARLES WITHERSPOON,

    Plaintiff,

v.

ROBERT EUNICE,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-156

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at Calhoun State Prison in Morgan, Georgia, has submitted a Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2.) For the reasons which follow, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**, and his Complaint should be **DISMISSED**. Additionally, Plaintiff should be **DENIED** leave to appeal *in forma pauperis*.

## **BACKGROUND**

Plaintiff filed his Complaint against Robert Eunice, an investigator for the Appling County Sherriff's Department on November 2, 2015. (Doc. 1.) In his Complaint, Plaintiff asserts that he was arrested in November 2014 for burglary in the second degree, theft by taking, and possession of a firearm by a convicted felon. (Id. at p. 1.) Plaintiff contends that Investigator Eunice violated Plaintiff's constitutional rights while investigating him on these charges. Plaintiff contends, among other things, that Eunice's criminal investigation of Plaintiff, an African American, was racially motivated. Id. The Complaint alleges that Eunice deprived Plaintiff of his "Equal Protection Right's [sic], and civil Right's [sic], Guaranteed to Plaintiff,

Under the United States Constitution, and the The Constitution to the state of Georgia!" (Id. at p. 7.) Plaintiff complains about Eunice's statements regarding Plaintiff during discussions with witnesses, including Plaintiff's pastor. As a remedy, Plaintiff requests, among other things, $10,500.00 in compensatory damages. (Id. at p. 25.)

## DISCUSSION

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

**I.     Heck v. Humphrey and Rooker-Feldman and Younger Abstention**

Plaintiff's Complaint centers on a criminal investigation of Plaintiff conducted by the Appling County Sheriff's Department. According to Plaintiff, a result of that investigation, he was arrested in November 2014 for burglary in the second degree, theft by taking, and possession of a firearm by a convicted felon. Plaintiff does not specifically state whether he was ultimately indicted for these offenses or whether he has been convicted. However, Plaintiff is currently incarcerated at Calhoun State Prison. Additionally, Plaintiff describes the charges against him as "charge's [sic] Plaintiff is now facing." (Doc. 1, p. 14.) Additionally, he mentions a hearing at which his parole was revoked and a jury trial. (Id. at p. 24.) Thus, it appears that Plaintiff's charges are at least still pending, if not having already resulted in a conviction.

To the extent that Plaintiff has been convicted, the Complaint makes no indication that the conviction has not been reversed, expunged, invalidated, called into question by a federal court's issuance of the writ of habeas corpus, or otherwise overturned. (Doc. 1.) As Plaintiff is seeking compensatory damages ($10,500.00), this Court is precluded from reviewing his claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of

4

> his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a Section 1983 plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his Section 1983 claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487.

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011) *report and recommendation adopted by,* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8,

2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp.2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck )); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013) *report and recommendation adopted by*, No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by*, No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff is attacking the lawfulness of Eunice's investigation that led to the charges filed against him. If the Court were to rule that Eunice's investigation was unlawful, that would render Plaintiff's conviction or sentence invalid. However, Plaintiff has not shown that any conviction or sentence has been favorably terminated. Accordingly, such claims are unquestionably precluded by the Heck decision.

Even if plaintiff is not challenging a conviction, he is at least challenging his current confinement due to his parole revocation. Heck is not limited to claims challenging the validity

of criminal convictions and has been applied to detentions absent convictions. See Cohen v. Clemens, 321 Fed. Appx. 739, 741 (10th Cir.2009). ("in immigration context, "Heck bar[red the plaintiff's] claims for damages because success on those claims would necessarily imply the invalidity of [his] detention."); Edwards v. Balisok, 520 U .S. 641 (1997) (applying Heck to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1137 (9th Cir.2005) (applying Heck to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); Hamilton v. Lyons, 74 F.3d 99, 102–03 (5th Cir.1996) (applying Heck to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).

Additional grounds support dismissal of Plaintiff's claims to the extent he seeks for the Court to find unlawful actions underlying a criminal conviction. Pursuant to the Rooker–Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims which essentially seek review of a state-court criminal conviction against him. "The Rooker–Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). Nor, under the Rooker–Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker–Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x

876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). To the extent that Plaintiff, through this Section 1983 action, asks this Court to invalidate a state court conviction, this Court lacks jurisdiction over his claims.

Additionally, insofar as Plaintiff is asking this Court to inject itself into the state cases' ongoing proceedings, the Younger abstention doctrine bars Plaintiff's Motion. Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. See Younger v. Harris, 401 U.S. 37 (1971). While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving Section 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405–06 (11th Cir.1985) (requiring abstention pursuant to Younger where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings); see also, Kowalski v. Tesmer, 543 U.S. 125, 133, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (intervention in ongoing state court proceedings is not appropriate as a section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings).

Here, because Eunice's investigation gave rise to any pending criminal charges, any ruling by this Court as to the constitutionality of his actions could substantially interfere with the results reached in the state court proceeding. See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir.2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). Moreover, as Plaintiff is free to allege the same alleged violations by Eunice in his state criminal proceedings as he alleged here, he cannot demonstrate the lack of an adequate

remedy at law. See Boyd v. Georgia, No. CV 112-042, 2012 WL 2862157, at *2 (S.D. Ga. May 14, 2012) report and recommendation adopted, No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012) aff'd, 512 F. App'x 915 (11th Cir. 2013) (concluding that plaintiff had an adequate remedy at law with respect to constitutional claims that he could bring in his pending state criminal case). In addition, Plaintiff's allegations provide no indication of irreparable injury, which the hardships associated with having to defend against a criminal prosecution fail to establish as a matter of law. Younger. 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

## II. State Law

Finally, to the extent Plaintiff seeks to invoke this Court's jurisdiction based on provisions of Georgia law, he cannot do so. This Court has jurisdiction over claims involving a federal question or those claims involving parties who are citizens of different states. See 28 U.S.C. §§ 1331 & 1332. As state law claims would not satisfy either of these jurisdictional prerequisites, Plaintiff's state law claims should be **DISMISSED**.[1]

---

[1] Even if the Court had jurisdiction over Plaintiff's federal claims, to the extent Plaintiff asserts other tort claims (such as slander) against the Defendant, those would predominate and should be asserted in state court. 28 U.S.C. § 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. See Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1562 n.3 (11th Cir. 1994). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. One of those circumstances is when the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

### III.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

### CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that this action be **DISMISSED** and that Plaintiff be **DENIED** leave to appeal *in forma pauperis*. The Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* before this Court.

---

[2] A certificate of appealablity is not required in this Section 1983 action.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 4th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA